UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TATIZES COTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:15CV00806 AGF |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Tatizes Cotton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2012, Petitioner pleaded guilty in Missouri state court to one count of first-degree robbery, one count of first-degree burglary, and two counts of armed criminal action. The court sentenced Petitioner to a total of 20 years imprisonment. In his sole ground for habeas relief, Petitioner claims that his plea counsel provided ineffective assistance by promising Petitioner he would receive a ten year sentence without being subjected to an 85% mandatory minimum term before parole eligibility. For the reasons set forth below, federal habeas relief will be denied.

## BACKGROUND

Petitioner was charged with the above-noted crimes, which involved a robbery and burglary committed with his brother and another individual; during the course of the crimes, the other individual shot and seriously wounded a victim. At the guilty plea hearing, Petitioner confirmed that he understood the charges against him. The prosecutor outlined a factual basis for the pleas and Petitioner affirmed that the facts as set forth by the prosecutor

were true. Petitioner's counsel then reviewed the range of punishment for each crime, as follows:

> Count I [for robbery] is a Class A felony punishable by 10 years to 30 years or life imprisonment . . . . Counts II and IV [for armed criminal action] are unclassified felonies punishable by a minimum of three years . . . up to an infinite or uncountable number of years as a maximun. Count III [for burglary] is a Class B felony, punishable by 5 or 15 years . . . for a total incarceration period possible if the court would run the sentences consecutively to one life sentence plus an infinite number of years.

ECF No. 8-3 at 18.

The court ascertained that the shooter was sentenced to life imprisonment plus a consecutive sentence of 30 years, and that Petitioner's brother, who pleaded guilty to the same four crimes with which Petitioner was charged, and agreed to cooperate with the state, was sentenced to a total of 20 years' imprisonment. Petitioner confirmed that he was aware of these sentencing possibilities. He also confirmed that he understood no sentence had been agreed to in his own case, and that he had no "secret anticipation of some particular sentence." *Id*. Petitioner represented that he discussed the police report with his attorney and whether or not to go to trial or plead guilty; that he spoke to his attorney about his legal rights and "what could happen if" he pleaded guilty; and that he understood the rights he was giving up by pleading guilty. Petitioner then pleaded guilty to the four charged offenses and the court accepted the pleas as voluntarily and intelligently made with a full understanding of the charges and consequences of the pleas.

At the sentencing hearing, Petitioner's attorney asked for a total sentence of 15 years' imprisonment, "[k]eeping in mind that the sentence of the robbery in the first degree carried an 85% required minimum, as well as the armed criminal action charges three flat years before

2

consideration of any parole in the Department of Corrections." *Id*. at 20.[1] The state argued for a total sentence of 30 years' imprisonment. The court sentenced Petitioner to 20 years for the robbery, 20 years for the related armed criminal action, 15 years for the burglary, and 15 years for the other armed criminal action, with all sentences to run concurrently. The court next asked Petitioner whether his counsel did anything against Petitioner's wishes and whether Petitioner had anything to tell the court about his representation. Petitioner responded in the negative, and the court stated that it found no basis to find ineffective assistance of counsel. *Id*. at 23.

**State Post-Conviction Proceedings**

For state post-conviction relief, Petitioner raised the same claim he now presents for federal habeas relief, namely, that his plea counsel provided ineffective assistance by promising Petitioner he would receive a ten year sentence without being subjected to an 85% mandatory minimum term before parole eligibility. He asserted that this ineffective assistance of counsel rendered his guilty plea involuntary, because without this promise, he would have chosen to go to trial rather than plead guilty. The motion court rejected the claim, without holding an evidentiary hearing, and the Missouri Court of Appeals affirmed the motion court's ruling.

---

1  Mo. Rev. Stat. § 558.019.3 provides as follows:

> Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

3

The appellate court summarized the plea and sentencing hearings and held that Petitioner's claim was unsupported by the record. The court reasoned as follows:

> [T]he [trial] court was very explicit in its questioning as to whether Appellant had been made any sort of promises, including as to sentencing. The court also asked Appellant whether he had any secret anticipation as to the sentence he was going to receive. Appellant responded in the negative.
>
> Furthermore, Appellant's counsel at sentencing made an oral request on the record to the court that Appellant be sentenced to fifteen years, asking the court to keep in mind *Appellant would have to serve at least 85% of any sentence* handed down by the court for the first-degree robbery conviction. At this point Appellant should have been alerted to the fact that his own counsel was stating for the record that Appellant had to serve 85% of his sentence, if he had been under the mistaken impression his counsel had promised him he would not have to serve 85% of his sentence. However, Appellant never voiced any dissatisfaction with his counsel for having promised something, ostensibly not delivered, in order to induce him to plead guilty, despite having ample opportunity and encouragement by the court to do so. On the contrary, he repeatedly expressed complete satisfaction with his counsel. Therefore, Appellant's claim that counsel promised him a sentence of ten years without the 85% requirement is unsupported by the facts in the record and, in fact, refuted by the facts in the record.

ECF No. 8-4 at 7.

**Federal Habeas Claim**

Petitioner argues that the state courts' fact-finding was not supported by the record and that he was wrongly denied an evidentiary hearing at which he could have "adduce[d] the relevant facts or legal claims." He requests an evidentiary hearing before this Court. Respondent argues that habeas relief should be denied because the state courts reasonably adjudicated Petitioner's claim.

## **DISCUSSION**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and

Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (citation omitted); *see also Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (holding that plea counsel rendered deficient performance by failing to advise the defendant that his plea of guilty made him subject to automatic deportation).

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced

[his] defense." *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, this Court's review of the record confirms that the state appellate court's decision rejecting Petitioner's claim is not contrary to clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As set forth above, at the plea hearing, Petitioner testified on the record that he understood the range of punishment for first-degree robbery to be between ten and 30 years, or life imprisonment. He also stated on the record that he did not anticipate a particular sentence if he pleaded guilty. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Drake v. Steele*, No. 4:15-CV-00391-JAR, 2018 WL 950212, at *4 (E.D. Mo. Feb. 20, 2018) (citation omitted); *see also Dawson v. Wallace*, No. 4:14 CV 1235 CDP, 2017

6

WL 3421503, at *4 (E.D. Mo. Aug. 9, 2017). Here, Petitioner has presented no reason to override the presumption, and none appears on the record. Petitioner's representations at the plea hearing defeat his claim that counsel told him he would receive a ten year sentence without being subject to the 85% rule.

Moreover, as the state appellate court noted, at the sentencing hearing, Petitioner's counsel stated on the record that the robbery charge carried an 85% mandatory minimum and asked that the judge impose a 15-year rather than a 20-year sentence in consideration of this statutory mandate. Thereafter, Petitioner represented that counsel did not do anything against Petitioner's wishes and that he did not have anything to tell the court about his representation.

Petitioner is not entitled to an evidentiary hearing. "Eighth Circuit precedent permits district courts to deny evidentiary hearings attacking a guilty plea where the knowing and voluntary nature of the plea is established by the record." *Roberts v. Griffith*, No. 4:16 CV 241 RWS, 2018 WL 2364295, at *3 (E.D. Mo. May 24, 2018) (citing *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1998)). Such is the case here. *See id*.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Tatizes Cotton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018